UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLENE PEREZ, et al.,
    Plaintiffs,

v.

JOHN MUIR HEALTH, et al.,
    Defendants.

Case No. 15-cv-01792-HSG (MEJ)

**DISCOVERY ORDER**

Re: Dkt. No. 61

## INTRODUCTION

In this employment discrimination case, the parties submit a discovery dispute letter regarding Defendant John Muir Health's ("Defendant") Request for Plaintiffs Marlene Perez and Rosa Cerisano ("Plaintiffs") to submit to a mental examination by Defendant's retained expert Dr. Mark Lipian, a board certified psychiatrist. Dkt. No. 61 ("Jt. Ltr."). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Defendant's request for the following reasons.

## BACKGROUND

Plaintiffs bring this action against Defendant, their former employer, for discrimination, retaliation, constructive discharge, and failure to provide a workplace free of retaliation. First Am. Compl. ¶ 1, Dkt. No. 60. The following background is taken from the parties' joint letter. Jt. Ltr. at 1-2. Plaintiffs resigned while on medical leaves of absence. Perez alleges she suffered a "breakdown" at the hospital. Both Plaintiffs claim to suffer from "severe emotional distress, including but not limited to, anxiety, humiliation, embarrassment, loss of self-esteem, mental anguish, depression and post-traumatic stress."

In September 2015, Perez testified that she is "severely, severely depressed" "every other

1  day or every day," feels anxiety once a day (heart palpitations, shortness of breath, light
2  headedness), has insomnia approximately 2-3 times per week, and cries. She testified she cannot
3  look at Defendant's logo or drive by the hospital without suffering from "really bad anxiety," she
4  has "lost all" of her friends, does not want to leave the house and just wants to sit in a dark room
5  alone. She also testified that several years prior (in May 2012), during her employment, she and
6  her then husband had one brief domestic violence incident from which she suffered bruises on her
7  hands. Afterward, she obtained a "no contact" restraining order, filed for divorce, and talked to a
8  therapist in 2012 about her family life.

9  In her September and November 2015 depositions, Cerisano testified that her family doctor
10  (who is not a psychiatrist) told her she has "situational" depression. She testified that she suffers
11  from stress and anxiety, has lost confidence in her nursing abilities such that she could not pass a
12  basic nursing skill competency test to get a new job, "panics all the time," has "isolated" herself,
13  does not leave the house, and cannot bear to look at Defendant's logo or drive by the hospital.

14  On January 4, 2016, Defendant requested Plaintiffs undergo an independent medical
15  examination ("IME") to take place on mutually agreeable dates. Plaintiffs' counsel responded,
16  "No doubt Plaintiffs' emotional distress is an issue," but did not concede that Plaintiffs' "mental
17  condition" had been placed in controversy. Plaintiffs requested, and Defendant provided, more
18  information regarding the duration and scope of the proposed medical exams and Dr. Lipian, and a
19  draft stipulation. In accordance with Dr. Lipian's customary practice, the psychiatric examination
20  (which will require approximately eight hours to conduct), will consist of a detailed interview
21  consisting of general open-ended questions, mental status examination, and generally accepted
22  standardized psychological testing and screening cognitive assessment. The testing may include
23  the MMPI-2 or Personality Assessment Inventory (PAI), the Mini-Mental State Examination
24  (MMSE), and the Trauma Symptom Inventory – 2 (TSI-2). On January 15, Plaintiffs requested
25  more time to consider the proposed stipulation.

26  On January 19, Defendant served a Demand for a Mental Examination of Plaintiffs
27  pursuant to Federal Rule of Civil Procedure 35. On January 22, the parties executed a joint
28  stipulation requesting that certain pretrial deadlines be continued for good cause, including more

1  time for the parties to complete the proposed mental examinations. Dkt. No. 47. The Court
2  granted the stipulation and continued the pre-trial deadlines. Dkt. No. 51. On January 28,
3  Defendant asked about the status of the proposed stipulation for the medical examinations.
4  Plaintiffs' counsel responded that he was "researching and seeking counsel concerning the validity
5  of Defendant's proposed stipulation." On February 12 and 18, Defendant again inquired about the
6  status of the proposed stipulation. On February 23, eight weeks after Defendant had initially
7  proposed the stipulation, Plaintiffs refused to stipulate and instead requested that the parties meet
8  and confer regarding Plaintiffs' concerns. The lawyers finally met and conferred in person on
9  March 21, 2016.

Defendant argues Plaintiffs have placed their mental condition in controversy because they testified at length regarding their current symptoms of depression and anxiety. Jt. Ltr. at 2. It notes Plaintiffs have identified several medical providers who will likely testify as medical experts at trial. *Id.* Defendant further argues good causes exists to order the IMEs because Plaintiffs are claiming "unusually severe, ongoing emotional distress," and it is therefore entitled to test whether the conduct alleged could have caused these reactions and/or whether the conditions pre-existed or have other causes. *Id.*

In response, Plaintiffs maintain they have not placed their mental conditions in controversy sufficient to warrant IMEs because their emotional distress damages are merely incidental to their work-related damages. *Id.* at 3. They note that neither Plaintiff has asserted a cause of action for negligent or intentional infliction of emotional distress, and they have only been treated with family practitioners and/or family therapists/LCSW rather than a psychiatrist. *Id.* at 4. Plaintiffs agree to limit any emotional distress damages to "garden variety" type emotional distress. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 35 provides that, for good cause shown, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). "Under Rule 35, the party moving for a physical or mental examination must meet two requirements: first, the physical or mental condition of the party must be 'in controversy'; and second, 'good cause'

3

for the examination must be established." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 117-20 (1964)). In addition,

> [b]efore a mental examination is compelled, in addition to a bare claim for mental distress, the moving party should demonstrate one or more of the following: "1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)."

*Rund v. Charter Commc'ns, Inc.*, 2007 WL 312037, at *1 (E.D. Cal. Jan. 30, 2007) (quoting *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)). The decision whether to allow a proposed examination rests within the broad discretion of the court. *Lester v. Mineta*, 2006 WL 3741949, at *1 (N.D. Cal. Dec. 19, 2006).

## DISCUSSION

Reviewing the record in this case, at first look it could be said that Plaintiffs have put their mental condition in controversy: their Complaint includes allegations that Defendant caused them to suffer "severe emotional distress, including, but not limited to, anxiety, fear, humiliation, embarrassment, loss of self-esteem, mental anguish, depression and post-traumatic stress." *See* Compl. ¶¶ 59, 69, 79, 90, 101, 112. However, Plaintiffs' allegations appear to be based on the distress an ordinary person would suffer if she suffered employment discrimination as alleged. This language concerning Plaintiffs' general emotional distress is contained in all six of Plaintiffs' claims, with no separate cause of action for infliction of emotional distress. Furthermore, as noted above, Plaintiffs have agreed to limit any emotional distress damages to garden variety type emotional distress. Cases that involve garden variety allegations of emotional distress ordinarily are not sufficient to require a mental exam. *Rund*, 2007 WL 312037, at *2 ("there is no doubt that the ordinary person would suffer temporary distress if he were unlawfully terminated from employment he otherwise desired to retain. There is no need to conduct a mental examination, or have medical personnel testify to such, for the very reason that such distress is normal and understandable by the lay factfinder." (citing *Sabree v. United Broth. of Carpenters & Joiners*, 126 F.R.D. 422, 426 (D. Mass. 1989) (finding that although complaint contained specific claims

for emotional distress under state law, plaintiff's mental condition was not at issue); *Benchmaster, Inc. v. Kawaelde*, 107 F.R.D. 752, 754 (E.D. Mich. 1985) (proffering rationale that psychiatrist could aid only in determining present emotional disturbance)); *see also Minnard v. Rotech Healthcare Inc.*, 2008 WL 150502, at *3 (E.D. Cal. Jan. 15, 2008) ("A review of the complaint indicates for most claims that the addition of 'emotional distress' damages to the prayer was fairly routine and would not have placed defendant on notice that a Rule 35 exam should have been scheduled. But the addition of a specific 'intentional infliction of emotional distress' claim is a factor pointing to the necessity for such an exam.").

Further, neither Plaintiff has treated with a psychiatrist and neither intends to designate a retained expert witness to testify on the issue of Plaintiffs' current emotional distress. Jt. Ltr. at 4. In fact, there is no allegation of a specific mental or psychiatric injury or disorder, and while Plaintiffs' counsel admitted Plaintiffs' "emotional distress is an issue," *see id.* at 1, Plaintiffs have not conceded that their "mental condition" is "in controversy." Accordingly, given the record before it, the Court finds an independent medical examination is not appropriate.

## CONCLUSION

Based on the analysis above, the Court **DENIES** Defendant's request to compel Rule 35 mental examinations.

**IT IS SO ORDERED.**

Dated: March 24, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge