1  MICHAEL D. BRUNO (SBN: 166805)
   MBRUNO@GORDONREES.COM
2  HIEU TRAN (SBN: 280585)
   HTRAN@GORDONREES.COM
3  GORDON & REES LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone: (415) 986-5900
5  Facsimile: (415) 986-8054

6  Attorneys for Defendant
   JOHN MUIR HEALTH
7  (erroneously sued herein as "John Muir Medical Center")

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| MARLENE PEREZ, an individual, and ROSA CERISANO, an individual, | ) ) ) | CASE NO. 15-01792 HSG |
|---|---|---|
| Plaintiff, | ) ) ) ) | **DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE EXCESS PAGES FOR GOOD CAUSE** |
| vs. | ) ) ) | |
| JOHN MUIR HEALTH, a California corporation, JOHN MUIR MEDICAL CENTER, an unknown business entity, and DOES 1-20, et al | ) ) ) ) ) | Trial Date: July 18, 2016 |
| | ) ) | Hon. Judge Haywood S. Gilliam, Jr. |
| Defendants. | ) ) | Complaint Filed: April 21, 2015 |

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-11, Defendant John Muir Health ("Defendant"), through its attorneys of record, hereby moves for Administrative Relief, after having attempted to secure a stipulation from Plaintiffs Marlene Perez and Rosa Cerisano (hereinafter collectively referred to as "Plaintiffs"). Defendant respectfully requests leave to file

a single consolidated memorandum of law in support of its motion for summary judgment, or in the alternative motion for summary adjudication, that exceeds the 25 page limit by five pages based on the good cause set forth below:

Defendant's deadline to file a dispositive motion is Thursday, March 31, 2016.  Dkt. #51.

Northern District Local Rule 7-4(b) expressly limits briefs to 25 pages in length. Under Local Rule 7-11, however, a party may move for miscellaneous administrative relief, including a motion "to exceed otherwise applicable page limitations."

This case involves two plaintiffs, who assert the following six causes of action: retaliation, wrongful constructive discharge, and discrimination in violation of Title VII, the ADA, California's Fair Employment and Housing Act ("FEHA"), and California common law. Dkt. No. 60. Plaintiffs contend that Defendant unlawfully retaliated against them because Plaintiffs testified in a sexual harassment action brought by Plaintiffs' former co-worker, Ms. Charlotte Reed, against a JMH supervisor, Mr. Charles Griffin. *Id.* ¶ 1.  Plaintiffs worked for Defendant in two different departments, and premised their claims on various alleged adverse employment actions, including but not limited to, a "heavy" workload of difficult assignments, poor performance reviews over a three year period, unwarranted disciplinary actions, ignored complaints, and constructive discharge. Dkt. No. 60.  Plaintiffs claim that they endured unlawful treatment from at least two different supervisors (Andrea Lovejoy and Shanda Dellner) and Defendant's management team (Sara Monahan and Michelle Lopes). *Id*.

Although Defendant endeavors to keep its consolidated memorandum of law in support of its motion for summary judgment, or in the alternative motion for summary adjudication, concise and to the point, Defendant requires five additional pages to adequately provide detailed factual background necessary to for the court's analysis.  See Declaration of Hieu Tran in Support of Defendant's Motion for Administrative Relief ["Tran Decl."] at ¶8.

On March 22, 2016, Defendant's counsel contacted Plaintiffs' counsel (via telephone and email) proposing that the parties stipulate to a joint request for Defendant to exceed the 25 page limit on a motion for summary judgment. See Exhibit A to Tran Decl. at ¶4.  Defendant's

proposal included a joint request for Plaintiffs to exceed the 25 page limit in opposition to Defendant's motion for summary judgment. *Id*. Defendant prepared a proposed joint stipulation and included it in the email. *Id*. Plaintiffs did not respond. Tran Decl. at ¶5.

On March 24, 2016, Defendant's counsel sent a follow up meet and confer email to Plaintiffs' counsel inquiring as to whether Plaintiffs would stipulate to a joint request to exceed 25 page limit. See Exhibit A to Tran Decl. at ¶6. Plaintiffs' counsel did not respond to Defendant's request for stipulation and instead requested to meet and confer over a discovery dispute the next day, Friday, March 25, 2016. *Id*.

To date, Defendant has not received a response from Plaintiff regarding its request for stipulation. Tran Decl. at ¶7.

Accordingly, Defendant respectfully requests an order permitting it to file a consolidated brief in support of its motion for summary judgment, or in the alternative motion for summary adjudication, in excess of 5 pages, thus changing the maximum length of the brief from 25 pages to 30 pages (exclusive of exhibits, attachments, declarations, table of contents, table of authorities, and proof of service).

Dated:  March 27, 2016                           GORDON & REES LLP

                                                By:        /S/   *Hieu Tran*
                                                        MICHAEL D. BRUNO
                                                        HIEU TRAN
                                                        Attorneys for Defendant
                                                        JOHN MUIR HEALTH

**CORRECTED ORDER**

Having considered the Defendant's Motion for Administrative Relief to file a a consolidated brief in support of its motion for summary judgment, or in the alternative motion for summary adjudication, in excess of pages is **DENIED**.

IT IS SO ORDERED.

Dated: 3/29/2016                                 HAYWOOD S. GILLIAM, JR.
                                                United States District Judge