UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE PEREZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN MUIR HEALTH, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01792-HSG   (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 67 |

　　　　In this employment discrimination case, the parties submit a discovery letter regarding Plaintiffs Marlene Perez and Rosa Cerisano's ("Plaintiffs") request to compel Defendant John Muir Health ("Defendant") to produce documents. Dkt. No. 67. Plaintiffs argue that on March 20, 2016, they first learned of the existence of "numerous documents" responsive to their discovery requests, and specifically relating to Ms. Perez's work schedule and Ms. Cerisano's Voluntary Time Off requests. *Id.* at 3. Plaintiffs seek immediate compliance with their request to produce these documents, originally propounded in October 2015 and January 2016, given that Defendant will file its motion for summary judgment on March 31, 2016. *Id.* at 6. Plaintiffs maintain they should not be compelled to review and analyze "hundreds, and perhaps thousands of pages of documents that are highly relevant to Plaintiffs' claims after receipt of the motion, while simultaneously opposing the motion by the April 14, 2016 deadline." *Id.* Defendant maintains the dispute is moot given that upon learning of these documents, it agreed to produce them. *Id.* However, Defendant states that "due to the volume of documents," it will produce them on a rolling basis, "every day until completed." *Id.*

　　　　Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

As Defendant sets forth no objections to the requests addressed in the parties' letter, and it has agreed to produce the documents on a rolling basis, Plaintiffs' request to compel production is **GRANTED**. As Defendant will file its motion for summary judgment tomorrow, the parties are **ORDERED** to meet and confer in a good faith attempt to draft and file a stipulated request before the presiding judge to continue the briefing and hearing deadlines pending Plaintiffs' receipt and review of these documents. If the parties are unable to reach an agreement, Plaintiffs shall instead file a motion pursuant to Civil Local Rule 6.

**IT IS SO ORDERED.**

Dated: March 30, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge